Filed 6/29/22  P. v. Perdigone CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROXANNE CORRINE PERDIGONE,<br><br>        Defendant and Appellant. | C095432<br><br>(Super. Ct. No. 94F07889) |

Appointed counsel for defendant Roxanne Corrine Perdigone asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying her petition for resentencing.

BACKGROUND

In July 1994, defendant, with others, forced a victim into a car at gunpoint; the victim was driven around for several hours before being released.  In September 1994,

1

defendant invited two individuals to her home to buy drugs from them, and she later shot and killed one of them. (*People v. Perdigone* (Feb. 3, 1997, C022990) [nonpub. opn.].)

A jury convicted defendant of first degree murder (Pen. Code, §§ 187/189),[1] assault with a firearm (§ 245, subd. (a)(2)), and kidnapping (§ 207), and found she used a firearm in the commission of each of these offenses (§ 12022.5, subd. (a)). Defendant also pleaded guilty to one count of assault with a firearm (§ 245, subd. (a)(2)), and admitted several firearm enhancement allegations (§ 12022.5; former § 12021). In 1996, the trial court sentenced defendant to 25 years to life plus 20 years. Defendant appealed and this court affirmed the judgment, finding in part "there was strong evidence to support the charges of first degree murder and kidnapping." (*People v. Perdigone, supra*, C022990.)

On March 19, 2021, defendant filed a form petition for resentencing under section 1170.95. Defendant checked the boxes indicating she was convicted pursuant to the felony-murder rule or the natural probable consequences doctrine and could not now be convicted of murder due to the changes to sections 188 and 189, effective January 1, 2019. On December 17, 2021, the trial court held a prima facie hearing on defendant's petition and found she was not entitled to relief because she was the actual killer and the jury instructions did not include a felony murder or natural and probable consequences instruction.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

2

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.95 remains an open question. The California Supreme Court has not spoken. Nevertheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case. (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1034, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274; *People v. Figuera*s (2021) 61 Cal.App.5th 108, 111-113, review granted May 12, 2021, S267870.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's denial of defendant's petition for resentencing is affirmed.


                                    /S/
                                MAURO, J.


We concur:


    /S/
ROBIE, Acting P. J.


    /S/
EARL, J.

3